35 C.C.P.A.(Patents)

### Application of PRUTTON.

### Patent Appeal No. 5400.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

182

Oberlin & Limbach, of Cleveland, Ohio (Almon S. Nelson, of Washington, D. C., and Oscar Limbach, of Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D.C. (J. Schimmel, of Washington, D.C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all of the claims, Nos. 2 to 51, inclusive, in appellant's application for a patent for an alleged invention relating to lubricating compositions.

Claim 2, which is representative of the appealed claims, reads:

"An extreme pressure lubricating composition comprising a major proportion of a refined mineral lubricating oil, the load carrying ability of which is substantially increased by the inclusion therein of a minor amount of a sulphur bearing extreme pressure addition agent, the effectiveness of which is dependent upon its ability to chemically react with the metallic surfaces to be lubricated, said composition additionally having included therein a minor amount of an oil-soluble organic corrosion inhibitor and being characterized by the fact that the inclusion of such corrosion inhibitor therein has not substantially decreased the extreme pressure properties imparted thereto by said extreme pressure addition agent."

The only reference relied on by the Board of Appeals was British Patent, 317,-406, February 16, 1931.

Claims 2, 8, 21, 23 to 26, inclusive, 28, and 29 were rejected on the reference. The remainder of the appealed claims were rejected on the ground that they were drawn to non-elected species and, therefore, could not be allowed unless a generic claim was held to be patentable. Appellant does not deny that the claims rejected on that ground are actually drawn to non-elected species and, accordingly, unless a generic claim is found allowable, that rejection was proper. The only question to be determined here on the merits, therefore, is whether claims, 2, 8, 21, 23 to 26, inclusive, 28, and 29 are patentable over the reference.

The disclosure in appellant's application, so far as it concerns the appealed claims, involves a lubricating composition which comprises three essential ingredients; namely, a mineral lubricating oil, which forms the major portion of the composition, a sulfur bearing compound, capable of reacting with the metal bearing surfaces to form a film which is effective to prevent metal to metal contact, and an oil-soluble corrosion inhibitor which, it is alleged, nullifies the corrosive action of the lubricant without impairing the effectiveness of the sulfur bearing compound. The mineral lubricating oil which forms the base of appellant's composition is of a conventional type. The sulfur bearing material may be any one of a large number listed in appellant's specification and the corrosion inhibitor may belong to any one of a large number of classes of materials including amines and various sulfur compounds.

The reference discloses a lubricating composition comprising a refined mineral oil base and various combinations of added materials. Among such materials are various sulfur bearing compounds, many of which are of the types set forth as being suitable in appellant's specification, includ-

ing sulfides prepared by treating petroleum oil with sulfur. The patentee also discloses the use, as addition agents, of various materials specified in appellant's application as corrosion inhibitors, including phenols and amino and amide compounds, although the patent refers to those agents as "anti-oxidants," rather than "corrosion inhibitors."

Claim 2, which is typical of the generic claims here on appeal, calls for a composition comprising a refined mineral lubricating oil, a sulfur bearing extreme pressure addition agent, and a corrosion inhibitor which does not materially increase the extreme pressure properties imparted to the composition by the addition agent.

As hereinbefore observed, the reference patent discloses a lubricating composition comprising a refined mineral oil base, and suggests the addition to such base of sulfur bearing compounds of the kind called for by the quoted claim and the addition of anti-oxidants of the same class of materials described by appellant as "corrosion inhibitors." The anti-oxidant materials disclosed in the reference would, of course, so far as the instant case is concerned, have the same effect whether they are called "anti-oxidants" or "corrosion inhibitors." The reference, therefore, clearly discloses the use of both types of addition agents called for by quoted claim 2.

It is argued by counsel for appellant that there is no suggestion in the reference of using addition agents from the two classes hereinbefore referred to in the same lubricating composition. In support of that contention, counsel for appellant points out that there is no specific disclosure in the reference of the idea of using an anti-oxidant in conjunction with an organic sulfur compound. However, the patentee clearly discloses that the so-called "anti-oxidants," which include many of appellant's "corrosion inhibitors," may be used in conjunction with mineral oil and a group of substances which include sulfur compounds. Claims 1 and 4 of the reference patent call broadly for the combination of a lubricating oil, a polar body, and an anti-oxidant. Those claims read:

"1. A lubricant for heavy machinery comprising a hydrocarbon distillate of viscosity below 135 seconds Saybolt at 100° F., and a polar body."

"4. A lubricant as set forth in any of the preceding claims containing an anti-oxidant."

It is stated in the patentee's specification that the organic sulfur compounds act as polar bodies, and the broad language of the patented claims, therefore, discloses an intention of using anti-oxidants with such sulfur compounds, as well as with other polar bodies. Moreover, the specification of the British patent contains the following statement:

"Among the further objects and advantages of the present invention is the introduction of substances into the lubricant that lessen or prevent the oxidation of the oil under the conditions of service, so that undesirable changes in the oil due to oxidation rendering them undesirable from many points of view, are avoided or eliminated. The use of anti-oxidants evidently broadens the field and use of vegetable oils and *mineral oils*, as mineral oils also oxidize to a lesser extent than the vegetable and animal oils." (Italics not quoted.)

The quoted language clearly indicates that the anti-oxidants are to be applied to all the lubricating compositions disclosed by the patentee.

We are of opinion that the reference contains a disclosure of a lubricating composition comprising a major portion of a refined mineral lubricating oil and minor amounts of a sulfur bearing compound and "anti-oxidants," and that the "anti-oxidants" suggested by the patentee for such use include a number of the compounds disclosed by appellant's application as corrosion inhibitors. Appealed claim 2, therefore, is anticipated by the reference. Claims 8, 21, 23 to 26, inclusive, 28 and 29 differ from claim 2 in that they call for particular proportions of materials or for a somewhat more specific definition of the sulfur bearing substances or corrosion inhibitors. Since it is not shown or alleged, however, that those proportions are critical, or that the particular classes of sulfur bearing substances or corrosion inhibitors called for in claims 8, 21, 23 to 26, inclusive, 28, and 29 differ inventively from other materials of

the classes broadly defined in claim 2, it follows that claims 8, 21, 23 to 26, inclusive, 28, and 29 define nothing patentable over the reference.

Counsel for appellant argue that the reference is insufficient to support the rejection of the appealed claims because it is a foreign patent. However, a foreign patent is a proper reference for whatever it clearly discloses, and in the instant case the subject matter of claims 2, 8, 21, 23 to 26, inclusive, 28, and 29 is, in our opinion, clearly disclosed by the patentee.

Owing to the fact that the generic claims were properly rejected on the reference of record, the rejection of the claims drawn to non-elected species were also properly rejected.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument in this case and did not participate in the decision.