234

Application of PRUTTON.
Patent Appeal No. 5549.

United States Court of Customs
and Patent Appeals
March 1, 1949.

Oberlin & Limbach, of Cleveland (Almon S. Nelson, of Washington, D. C., and Oscar C. Limbach, of Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all the claims, 1 to 26, inclusive, 29 to 51, inclusive, and 53 to 58, inclusive, in appellant's application for a patent for new and useful improvements in "Lubricant Improving Agent And Lubricant Containing Same." Claims 5–13, 19–24, 26, 31–33, 38–42, 44–47, 49–51, and 55–58 were rejected as not reading on the elected species. The remaining claims were rejected as lacking invention over the prior art.

The references cited by the examiner and board are:

| | | | |
|---|---|---|---|
| Humphreys et al., | 2,073,841, | Mar. 16, | 1938. |
| Adams et al., | 2,110,281, | Mar. 8, | 1938. |
| Miller et al., | 2,156,265, | May 2, | 1939. |
| Prutton et al., | 2,208,162, | July 16, | 1940. |
| Prutton et al. (British), | 454,552, | Sept. 29, | 1936. |

Claim 1 is illustrative of the matter alleged to be new. It reads as follows:

"1. A lubricant characterized by the presence therein of an [sic] minor amount, sufficient to stabilize the oil components, of an oil-soluble derivative of a thiocarboxylic acid."

Appellant's application, filed May 6, 1943, is said to be a continuation-in-part of an earlier application, serial No. 193,960, filed March 4, 1938, which has since matured into Patent No. 2,318,629, dated May 11, 1943, which was in turn a continuation-in-part of appellant's application, serial No. 737,070, filed July 26, 1934.

The subject matter of the alleged invention relates to lubricating compositions characterized by the presence of oil soluble derivatives of organic thio acids, limited to those compounds where a substituent has replaced one of the acid hydrogens. These

derivatives, designated "Characterizing Addition Agents," are further limited to sulphur-containing derivatives of carboxylic acids.

The primary function attributed by appellant to his alleged invention is the imparting to lubricants of the property of increased load carrying ability, known to the art as the "extreme pressure characteristic." That results from a reaction occurring between the characterizing addition agent in the lubricant and the metal surfaces of the moving parts of the machinery being lubricated, in which a film forms on those metal surfaces and acts effectively as a barrier to acids formed in the lubricant in the heat and stress of operating conditions. A further function of the agent is that of a deterrent against the deterioration of the oil base of the lubricant from decomposition and oxidation.

Claims 1 through 26, inclusive, cover the use of the characterizing addition agent alone in the lubricating medium.

Claims 29 through 38, inclusive, and 53 through 56, inclusive, relate to a further advance in the art which appellant asserts is realized when the characterizing addition agents are used in a lubricating medium together with other substances, described as "Cooperating Addition Agents." The cooperative effect resulting from the combined presence of the characterizing and cooperating addition agents in achieving the objectives of the alleged invention is asserted to be greater than the normal cumulative effect of the individual components. Among the cooperating addition agents claimed are members of the following classes: the organic halogen compounds; organic compounds containing a metal; organic derivatives of inorganic oxy-acids; and organic oxygen compounds.

The application limits the compounds used either as characterizing or cooperating addition agents to those which are soluble in refined mineral lubricating oil at least to the extent of 0.1%.

Claims 39 through 51, inclusive, 57, and 58 cover the use with the characterizing addition agent in the lubricant of a plurality of cooperating addition agents of the type specified.

The examiner rejected claims 5–13, 19–24, 26, 31–33, 38–42, 44–47, 49–51, and 55–58 as not reading on the elected species. The Board of Appeals referred to that rejection and held that the involved claims were therefore not before it for consideration. Appellant brings all of the claims set out in his application before us on appeal, and in his reasons of appeal he alleges error by the Board of Appeals "In rejecting each and all of the claims on appeal." Where claims are rejected on the ground that they were drawn to non-elected species, and the appellant does not deny that the claims rejected on that ground are actually drawn to non-elected species, unless a generic claim is found allowable, the rejection is proper. In re Prutton, 166 F.2d 181, 35 C.C.P.A., Patents, 934; In re Hock, 168 F.2d 540, 35 C.C.P.A., Patents, 1235.

The patent to Humphreys et al. discloses a lubricant composed of a major portion of hydrocarbon or fatty lubricating oils with from 0.5% to about 5.0% of "organic derivatives of organic thio acids, particularly the esters and 'anhydrides' of organic thio acids."

The Miller et al. reference discloses a lubricant composed of a major proportion of a mineral lubricating oil to which has been added a minor proportion of halogenated petroleum wax and an agent containing "corrosive" sulphur.

The Adams et al. patent discloses a lubricant prepared by adding a small quantity of xanthic disulfides or xanthates to mineral lubricating oils. Among the additives disclosed are xanthic acid esters.

The Prutton domestic patent cited discloses the combined use of halogenated organic oxygen-bearing compounds and organic sulphur compounds in a suitable lubricating oil base. The compounds of the first category used include aliphatic derivatives of hydrocarbons of the paraffin series, while the latter category includes organic disulfides, thio acids, and organic xanthates.

The British patent to Prutton et al. discloses a lubricant comprised of a lubricating oil base together with a halogenated organic compound, such as aliphatic deriva-

tives of hydrocarbons of the paraffin series, and a separate oxygen or sulphur-containing organic compound, such as carboxylic acids and the esters and salts of such acids.

The claims which were rejected as lacking invention over the prior art may be conveniently grouped for consideration here into the following categories:

I. Those which the Primary Examiner held to be directly anticipated by the patent to Humphreys et al.; claims 1 to 4, inclusive, 14, 15, and 25.

II. Those rejected by the examiner as lacking patentability over the Humphreys et al. patent; claims 16 to 18, inclusive, 48, and 53.

III. Those rejected by the examiner as lacking invention over the patent to Humphreys et al. in view of the patent to Miller et al.; claims 29, 30, 34 to 37, inclusive, 43, 48, 53, and 54.

IV. Those further rejected as lacking invention over the patent to Adams et al.; claims 1 to 4, inclusive, 14 to 18, inclusive, and 25.

V. Those further rejected as lacking invention over the patent to Adams et al. in view of the patent to Miller et al., and in the light of the disclosures of the Prutton et al. domestic and foreign patents cited; claims 29, 30, 34 to 37, inclusive, 43, 48, 53, and 54.

VI. Those further rejected as being too broad in failing to set forth that the additive is present in amounts sufficient to stabilize the oil components; claims 1, 2, and 3.

The basis for rejection applying to the claims in group VI, supra, was met by an amendment filed by appellant which the board held corrected the defect noted by the examiner. The board affirmed the basis for rejection set forth in groups I through V, supra, applying to the claims there enumerated.

Appellant's contentions before us may be briefly summarized as follows:

First. Since the parent application, Serial No. 737,070, filed July 26, 1934, of which the present application is alleged to be a continuation-in-part, antedates the Humphreys et al. reference (filed Dec. 8, 1934), and, since the disclosures in the instant application are based on subject matter set out and claimed in the parent application, the Humphreys et al. patent is not properly citeable as a prior art reference. If that contention of appellant is upheld here, it would dispose of the grounds for rejection hereinbefore grouped in categories I, II, and III.

Second. The Adams et al. patent is not a proper reference, as the derivatives of xanthic acid there disclosed are patentably distinct from the derivatives of thio-carboxylic acid disclosed by appellant. If that contention of appellant is upheld here, it will dispose of grounds for rejection in groups IV and V, supra.

Grounds I, II, and III, supra, embrace all of the claims not otherwise rejected as reading on non-elected species. Likewise, grounds IV and V, supra, cover all of the claims other than those rejected for failure to read on the elected species. Because of the nature of the issues involved, we shall first examine the merits of the rejection as applying to claims in groups IV and V, supra. If we should affirm the rejection of those claims, it will be unnecessary to consider the basis for rejection of the claims in groups I, II, and III, supra.

As to groups IV and V, supra, in which the Adams et al. patent is cited as the basis of rejection, the examiner held that the compounds of thio-carbonic acid disclosed by Adams et al. "literally conform to the definition of thio carboxylic acids." Those compounds, esters of xanthic acid (a sulphur-containing derivative of carbonic acid) were also considered by the board to constitute the basis whereby Adams et al. anticipate appellant's subject matter. All of the claims in group IV specify the use of a thio acid derivative of some type. Appellant contends that xanthic acid is distinguishable from carboxylic acid. The board held that inasmuch as xanthic acid contains a thio-carboxyl radicle, it is a thio-carboxylic acid. That issue was argued with some emphasis before us. Appellant contends that "Any standard chemical textbook will give the formula of a carboxylic acid as an acid containing the $-COOH$ group with the free valence of the carbon atom attached to either carbon or hydrogen;" whereas "the free valence of

carbon in a xanthic acid is bonded to oxygen * * *." Neither the examiner nor the board cited textual authorities on that issue. The board said in its decision, however,

"Appellant's argument that xanthic acid is not known in a free state is immaterial. It contains a thio-carboxyl radicle and is therefore a thiocarboxylic acid according to Webster's Dictionary."

Webster's New International Dictionary, 2d Ed., does not define the term "thio-carboxylic acid"; however, it does contain a definition of "thio acid," "carboxyl," and "carboxylic," as follows:

"thio acid. Chem. An acid in which oxygen is partly or wholly replaced by sulphur. * * *

"carboxyl, n. Chem. The univalent radical $CO_2H$, the characteristic group of most organic acids, * * *

"carboxylic, adj. Chem. Of, pertaining to, or containing, carboxyl."

The Solicitor for the Patent Office challenges appellant's contention, stating that by its terms carbamic acid would be excluded from the class of carboxylic acids. In carbamic acid, the free valence of carbon is bonded not to carbon, hydrogen, or oxygen, but to nitrogen. The solicitor quotes from Karrer's Organic Chemistry, 2nd English Edition, Elsevier Publishing Co., New York, 1946, page 217, as follows:

"The formation of viscose silk from cellulose depends on a general reaction of carbon disulfide with alcohol. It combines with them in the presence of alkalis to give xanthates, ester-salts of the dithiocarboxylic acids, * * *."

Appellant insists that standard text books support his contentions respecting the distinction between xanthic acid and carboxylic acid, as hereinbefore set out. He cited no specific texts.

We have examined six standard texts in the field of organic chemistry, as well as the Third English Edition, 1947, of the next cited by the solicitor. The texts examined, in addition to the latter, are:

Introductory Organic Chemistry, by E. Wertheim, Blakiston Co., Philadelphia, 1948.

Organic Chemistry, Lucas, American Book Co., New York, 1935.

Organic Chemistry, Fuson and Snyder, John Wiley & Sons, New York, 1942.

Organic Chemistry, Eldin V. Lynn, Lea & Febiger, Philadelphia, 1945.

Textbook of Organic Chemistry, Geo. H. Richter, John Wiley & Son, New York, 1938.

Organic Chemistry, Frank C. Whitmore, D. Van Nostrand, New York, 1937.

Based on our examination of these texts, our conclusions are as follows: (1) in a carboxylic acid the free valence of the carbon atom of the –COOH group is always attached to either carbon or hydrogen, with the sole exception of carbamic acid, where the free valence of the carbon atom of the –COOH group is attached to nitrogen; (2) the free valence of carbon in xanthic acid is always bonded to oxygen; (3) it cannot be said that xanthates are derivatives of a carboxylic acid, strictly speaking, because of the unique bonding of the free valence of the carbon atom to oxygen in xanthic acid. In the case of carboxylic acid, the free valence of the carbon is never bonded to oxygen. Thus, we are led by our conclusions to agree with the appellant's contention; however, this alone does not dispose of the Allen et al. reference.

The examiner stated in his decision, "But even if it be held that thio carbonic acids are not thio carboxylic acids, the two types of compounds are so closely related as to be equivalents from the standpoint of patentability." In considering that finding of the examiner, it will be helpful to examine the chemical formulas of the compounds involved. As taken from the texts hereinbefore cited, they are:

Xanthic acid $C_nH_{2n+1}OCSSH$

Thio acids $C_nH_{2n+1}COSH$

Dithio acids $C_nH_{2n+1}CSSH$

Ethyl acid ester, known as ethyl xanthic acid $CH_3 - CH_2 - O - CSSH$

In the foregoing table, thio acid would express the formula for thio-carboxylic acid. The relationship between carbonic acid and carboxylic acid is expressed at page 182 of Karrer's Organic Chemistry, 3rd English Ed., Amsterdam, 1947, as follows:

" * * * it is also convenient to regard the carboxylic acids as derivatives of carbonic acid, one of the hydroxl groups of the latter having been replaced by an alkyl radical:

The essence of the Adams et al. patent is the addition to lubricating oils of "certain types of organic sulphur compounds," one group of which is that of xanthic acid esters. The essence of appellant's alleged invention is the addition of sulphur-containing derivatives of organic acids, a principal group of which is that of the thio acids and their derivatives. The essential elements of both the Adams et al. patent and appellant's alleged invention, therefore, are carbon (organic) and sulphur (thio). From this point of view, and in view of the striking similarity of the chemical formulas, supra, for xanthic acid and thio acids, we agree with the examiner that insofar as patentability is concerned, the compounds in issue disclosed by Adams et al., and appellant are equivalents. Read Holliday & Sons, Ltd., v. Schulze-Berge et al., C.C., 78 F. 493; Ufer et al. v. Williams, 79 F.2d 892, 23 C.C.P.A., Patents, 797; In re Ayres, 83 F.2d 297, 23 C.C.P.A., Patents, 1118.

Appellant contends further that carbonic acid is an inorganic acid and thus distinguishable from the organic carboxylic acid. It is a matter of general knowledge that organic chemistry is concerned with the chemistry of carbon compounds, while inorganic chemistry deals with compounds of all other elements. Carbonic acid, $H_2 CO_3$, is not clearly excluded from either class, but is ordinarily dealt with, as a matter of convenience, in inorganic chemistry. Carbonic acid, however, receives prominent treatment in standard works on organic chemistry, and, being a carbon compound, is not properly distinguishable from the field of organic chemistry.

While the claims in group IV, supra, were rejected by the examiner on the basis of lacking invention over the patent to Adams et al., those in group V, supra, were rejected on the basis of lacking invention over Adams et al. in view of Miller et al. All of the claims in group V, supra, with the exception of claim 53, concern the use with a derivative of a thio-carboxylic acid as a characterizing addition agent in a lubricating composition, of one or more co-operating addition agents consisting of organic oxygen or halogen compounds. Claim 1 of the Miller et al. reference reads:

"1. An improved lubricant for extreme pressure conditions comprising a major proportion of a mineral lubricating oil, a minor proportion of a halogenated petroleum wax and an agent containing 'corrosive' sulfur."

The specification to the Miller et al. reference patent discloses the desirability of using sulphur and chlorine in separate compounds rather than in a single compound in a lubricating composition. The examiner held that disclosure, when considered in the light of the disclosures in the Prutton et al. domestic and foreign patents cited as references, teaches the use of halogen and organic compounds in a lubricating composition, and that the claims in this group are unpatentable in view of the references. Appellant contends that the Miller et al. reference to "corrosive" sulphur distinguishes that patent from the sulphur compounds he is claiming. As pointed out in the solicitor's brief, however, the claims in group V, supra, were rejected on Adams in view of Miller, not vice versa. Thus the combination of the references adds the use of Miller's halogenated paraffin to the characterizing agent disclosed by Adams et al. The subject matter of appellant's claims rejected in group V, supra, is unpatentable in view of that combination. Both of the Prutton references teach the use as addition agents of halogen and oxygen bearing organic compounds, and Miller et al. solved the problem of bringing a halogen (chlorine) into effective use in a

lubricating composition containing sulphur, by introducing the chlorine and sulphur in separate compounds.

■ Claim 37 of group V, supra, discloses the use of "chlorinated diphenyl ether" as the addition agent. The Prutton domestic patent specifically points out "halogenated diphenyl ether" as an example of a halogenated organic compound useful as an addition agent, while the Prutton British patent sets out chlorinated diphenyl as a halogenated addition agent. Both patents teach that halogen and oxygen bearing derivatives of the hydrocarbons of the paraffin series are equivalent in effectiveness as addition agents to halogenated derivatives of diphenyl ether. Since the Miller patent teaches the use of halogenated petroleum (paraffin) wax, and the Prutton references teach the equivalence as addition agents of halogenated paraffin wax and chlorinated diphenyl ether, appellant, as the examiner and the board held, is not entitled to an award of patentability of a claim covering the latter. In re Ayres, supra; In re McKee, 96 F.2d 294, 25 C.C.P.A., Patents, 1064; In re Withington, 104 F.3d 192, 26 C.C.P.A., Patents, 1290.

Claim 53 defines the addition agent as, "an extreme pressure addition agent." The teaching of Adams et al. in view of Miller et al. is the use of an organic sulphur compound (xanthic disulfides, or xanthates) with an addition agent (halogenated petroleum wax) in a lubricant to improve that lubricant for extreme pressure conditions. Functionally speaking, those agents are "extreme pressure agents," and appellant's claim 53 in specifying the use with an organic sulphur compound in a lubricant, of "an extreme pressure addition agent," obviously adds nothing patentable over that combination of references cited by the tribunals below.

■ For the foregoing reasons, we agree with the decision of the Primary Examiner and the Board of Appeals rejecting all of the claims in groups IV and V, supra. Those claims, together with those rejected as reading on non-elected species, comprise all of the claims in the application and before us on appeal.

It is unnecessary to burden this opinion with a detailed consideration of the grounds for rejection of the claims on appeal, as set forth in groups I, II, and III, supra. We considered them in full in the course of arriving at our decision. We cannot refrain from commenting, however, that on the issue of estoppel raised by the examiner, we believe the rule expressed in Chapman v. Beede, 54 App.D.C. 209, 296 F. 956, as followed in Jenks v. Knight, 90 F.2d 654, 24 C.C.P.A., Patents, 1227, would apply. Of interest on this issue are the cases of In re Prutton, 121 F.2d 524, 28 C.C.P.A., Patents, 1343, and In re Hanna, 136 F.2d 749, 30 C.C.P.A. Patents, 1115.

For the reasons hereinbefore set out, the decision of the Board of Appeals rejecting all of the claims in appellant's application is affirmed.

Affirmed.