37 C.C.P.A. (Patents)

**Application of CAREW.**
**Patent Appeal No. 5618.**

United States Court of Customs and Patent Appeals.
Feb. 2, 1950.

Martin Merson, New York City (Joseph H. Milans, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C. of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Associate Judges.

GARRETT, Chief Judge.

Appellant here seeks reversal of the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all the claims (Nos. 23, 24, 25, and 26) of his application for a patent for alleged improvements in a Cup Dispensing Machine.

The specification states: "The improvements have special reference to the storing of paper cups or the like in nested or columnar formation, in association with means for the liberation and discharge of individual cups, the whole being suitably encased and formed and arranged to accommodate stacks of great quantity and consequent length, particularly desirable in supplying cups dispensed with contents as in soft drink apparatus."

In the decision of the board claim 23 was quoted as illustrative. In his brief before us counsel for appellant suggests claim 24 as being typical. We quote both:

"23. In a machine of the character described, the combination with a cabinet having spaces therein opening to the front of the cabinet, supporting means for a delivered cup adjacent to one of said openings, rotary means within the cabinet for carrying a plurality of stacks of cups, a plate on which the bottoms of the stacks move in the operation of said rotary means to position the successive stacks in delivering position, and a platform supporting said plate hinged at its forward edge to adjacent portions of the cabinet and located above the said supporting means whereby the whole device as a unit may be swung out of the open front of the cabinet, the platform, plate and means for carrying the stacks of cups having openings for the passage of a cup.

"24. In a machine of the character described, the combination with a cabinet having a space therein opening to the front of the cabinet, supporting means for a delivered cup adjacent to said opening, rotary means within the cabinet for carrying a plurality of stacks of cups, a plate on which the bottoms of the stacks move in the operation of said rotary means to position the successive stacks in delivering position, and a platform supporting said plate hinged at its forward edge to adjacent portions of the cabinet and located above the said supporting means whereby the whole device as a unit may be swung out of the open front of the cabinet, the means for supporting the plate on said platform comprising supports extending upwardly from the platform to the plate of a length to provide a substantial space between said platform and plate, and the platform, plate and means for carrying the stacks of cups having openings for the passage of a cup."

Claim 25, in addition to the features named in claims 23 and 24, specifies openings for the cup stacks "arranged to be exposed exteriorly of the cabinet when the platform is tilted forwardly."

Claim 26 specifies additional features as follows: " * * * an upstanding elongated handle on the platform extending upwardly therefrom for moving the platform and stacks of cups carried thereby on its hinge, and cooperatively arranged stops and tabs on the cabinet and platform to normally support the platform in the cabinet and retain the same against excessive movement in the swinging thereof out of the machine."

Three patents were cited in the rejection of the claims, viz.: Baker, 1,680,238, Aug. 7, 1928, Wood, et al., 1,753,357, Apr. 8, 1930, Hope, 2,254,038, Aug. 26, 1941.

In the statement of the examiner following the appeal to the board there is a

detailed description of appellant's structure and a detailed description of the structures of the references. In the brief of the Solicitor for the Patent Office there is summarized a description of every feature of the application and references in anywise material to the decision of the case, and we here reproduce it (omitting page references to the record and omitting also numerals which designate features, indicated by asterisks):

"Briefly, by way of summary, the claimed subject matter is shown in Fig. 2 * * * of the drawings, where the tubes * * * comprising the magazines for the cups are mounted upon a plate * * *, which in turn is mounted in spaced relation to a base plate * * * or platform pivoted upon the pivot rod * * * for swinging motion to the position indicated in the drawings. A stop * * * limits the swinging movement to the extent shown in the drawing. There is a handle * * * for moving the platform and stacks of cups carried thereby on its hinge.

"The patent to Baker * * * relates to a cup vending machine. It discloses a plurality of magazines including tubes * * * mounted for rotation about an axis * * *.

"The lowermost cups of each stack slide on a plate * * *. There is a circular hole * * * in the plate * * * above the cup dispensing mechanism and means including ratchet wheel * * * connected to the axis * * * to rotate the magazines to align the next stack with the hole * * * when the stack above the hole * * * becomes exhausted. The cup releasing mechanism * * * is mounted on a base member * * * mounted below the plate * * *.

"The patent to Wood et al. * * * relates to a cup dispenser and shows a housing * * * having a yoke * * * on which is supported, by pins * * *, an apertured base section * * * carrying a cylindrical magazine * * *. The magazine is normally locked in dispensing position by latch means * * *, * * * attached [respectively] to the casing and the cover * * * for the magazine, but may be swung forwardly on the pins *, * ,* 

upon release of the latch means to load the magazine. A stop shoe * * * engages the magazine when it is in dispensing position and stop means * * * and * * * mounted on the casing and base section respectively, limit the movement of the magazine when it is moved to loading position. The lowermost cup of the stack is held by retaining ring * * *. The operator may dispense a cup by merely grasping the lowermost cup and pulling it down away from the retaining means.

"The patent to Hope * * * relates to a cup dispensing cabinet and shows a dispensing device in which a stack of cups is mounted on a pivoted platform * * * enclosed by a casing * * *, * * *. The front casing * * * is attached to the platform * * * and when the casing is pulled forwardly by the handle * * * the platform is rocked so that the stack of cups is inclined. The top cup may then be lifted from the stack. When the stack is exhausted a new stack may be inserted in the same manner that the old stack was exhausted. The pivot for the cup supporting member is mounted on the front of the cabinet."

After describing the mechanism defined in appellant's application and the mechanisms defined in the references, the Primary Examiner said: "To pivotally mount the base plate 26 of Baker so that the magazine could be tilted to load the magazine would not amount to invention in view of the patent to Wood, et al. While the pivot of Wood, et al., is not located at the front of the plate such modification would not amount to invention especially in view of Hope. The details of the handle to move the magazine and the stop means to limit the movement of the magazine do not rise to the dignity of invention as they are merely design features."

This holding was reiterated, in substance, by the Primary Examiner in the following reply to the brief filed before the board on behalf of appellant:

"The sole issue in the rejection of claim 23 is whether it is inventive broadly to hinge member 26 of Baker so that the entire stack supporting structure may be pivoted for the loading of the cups. No

dispensing mechanism is claimed, nor is any specific structure involved. The claim depends on the broad idea of hinging the structure of Baker for invention over that patent, and in view of the fact that it is old in Hope and Wood to tilt a magazine for access in loading, it is not considered that such idea broadly is patentable when applied to the Baker structure.

"Claims 24 and 25 do not differ materially from claim 23. Claim 26 adds the handle and stops, as mentioned in the Examiner's Statement. The provision of a handle is one of the most common and obvious expedients. Similarly stops to limit movement are a common expedient and stops for such purpose are shown in Wood. These claims add no limitations of patentable significance to the subject matter of claim 23."

In the course of its decision the board said: " * * * We agree with the Primary Examiner that it would not involve invention to apply the pivot mounting of the magazines of the supplementary references to the Baker magazine and it seems to us that the only question arising in connection with this simple and uninventive change would be to select the point at which the pivot connection should be made. The claims on appeal include the platform 28 and some of them include the supports spacing the platform from the plate. The claims, however, are not so drawn that any function or advantage may be said to accrue from the spacing of the platform and the plate and we therefore do not find that these differences patentably distinguish the claims from the references or require any special reorganization or reconstruction of the Baker machine beyond applying the pivotal mounting to the magazine. Since the claims include no part of the cup dispensing mechanism for which the space between the platform and plate seems to be provided, we do not find any patentable significance to this feature nor any difficulties to ensue in the 'reorganization or reconstruction' of the Baker machine as suggested in the statement of the Primary Examiner."

It is obvious that every structural feature named in the appealed claims, or an equivalent thereof, may be found in one or other of the references cited as prior art, but such features, as used in the prior art, were parts of combinations different from the combination claimed by appellant.

So, in broad aspect, the question before us is whether appellant exercised the inventive faculty or merely displayed mechanical skill in utilizing features selected from prior art and arranging such features in a combination slightly different from the combinations in which originally they appeared.

The specification and drawings of appellant's application have been carefully studied, and the arguments for appellant in the brief and orally have been fully considered.

We are not convinced that appellant's activity involved exercise of the inventive faculty.

Therefore, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, HATFIELD, J., was not present at the argument of this case and did not participate in the decision.