37 C.C.P.A.(Patents)
**Application of BELTZ.**
**Patent Appeal No. 5656.**

United States Court of Customs
and Patent Appeals.
April 3, 1950.

Harker H. Hittson, Columbus, Ohio, for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge and JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining that of the Primary Examiner finally rejecting claims 1, 2, and 4 to 44, all of the claims in the case, in appellant's application for a patent for an improvement in a "Combination Mining and Loading Machine." Claims 19 and 32, acted upon by the examiner, were withdrawn by the appellant when he carried the case on appeal to the board, and were accordingly dismissed by the board. After the decision of the board was rendered, and concurrently with noting his appeal here, appellant cancelled claims 1 to 15, 19, 23, 25, 27, 28, 30, 31, 32, 38, 39, 41 and 42. None of the claims so cancelled have been made a part of the record before us.

Claims 16, 20, and 35 are quoted as being somewhat representative:

"16. A mining machine including a frame, mechanism on said frame for cutting a bottom kerf at a mine room floor and conveying the coal rearwardly for discharging

from said machine, a loop kerf cutter mounted on said frame for swinging movement and constructed to cut a kerf while swinging upwardly, and mechanism including a vibrating member for breaking loose coal which has been partially released by one or more of said kerfs.

"20. A mining machine including a bottom kerf cutter and conveyor comprising a pair of fixed laterally spaced cutter bars at the forward end of said machine adapted to cut a bottom kerf at the mine floor and convey the material rearwardly along a conveyor way formed between said cutter bars, a loop cutter mounted for swinging movement and adapted to cut a kerf above said bottom kerf when swung upwardly, and means for feeding said loop cutter rearwardly to break off coal which has been partially freed by said loop cutter.

"35. A combination coal mining and loading machine including a pair of laterally spaced combined cutting and loading members forming a conveyor way between them along which coal may be conveyed rearwardly, endless chain combined kerf cutting and loading devices on said spaced members adapted to cut a kerf at the mine room bottom and convey material rearwardly along said way, and means including a loop kerf cutter adapted to cut an arcuate kerf by an upwardly swinging movement positioned above said laterally spaced members, said loop kerf cutter being mounted to swing forwardly of said combined cutting and loading members and to cut a kerf the lowest portion of which is adjacent the mine room floor."

The examiner rejected all of the claims upon the ground of multiplicity. Notwithstanding that rejection, he also rejected all the claims upon prior art.

The references relied upon are:

| | | | |
|---|---|---|---|
| Cook | 475,674 | May 24, | 1892. |
| Morgan | 1,430,669 | Oct. 3, | 1922. |
| Morgan | 1,440,788 | Jan. 2, | 1923. |
| Muehlhauser | 1,510,490 | Oct. 7, | 1924. |
| Morgan | 1,510,628 | Oct. 7, | 1924. |
| Levin | 1,778,295 | Oct. 14, | 1930. |
| Morgan | 1,783,443 | Dec. 2, | 1930. |
| Osgood | 2,269,781 | Jan. 13, | 1942. |
| Levin | 2,281,503 | Apr. 28, | 1942. |
| Cartlidge | 2,329,875 | Sept. 21, | 1943. |

Appellant contends that his invention constitutes an improvement upon a commercial machine known as the Jeffrey 34F-40, which machine forms the basis for an application of Sterling C. Moon, Serial No. 475,274. That machine, characterized by the Moon application, has been properly set up by the examiner and the board as part of the prior art. Appellant's application was filed January 22, 1945; Moon's February 9, 1943.

All of the claims in the case were rejected by the examiner on the ground of multiplicity. The board sustained that ground of rejection. Appellant assigns that rejection as error, but as he has cancelled many of the claims, as indicated above, and as they have not been incorporated in the record, it is impossible for us to pass upon the merits of that rejection. We must consequently accept the decision of the examiner and the board as correct. In re Pirani et al., 75 F.2d 223, 22 C.C.P.A.Patents 1002. In his brief, counsel for appellant discusses the question of multiplicity as it relates to the claims left in the case after the cancellation of 27 claims; however the question of whether the remaining claims would be bad for multiplicity has never been passed on by either the examiner or the board. We cannot consider it here. R.S. § 4914, 35 U. S.C. § 62, 35 U.S.C.A. § 62; In re Isler, 152 F.2d 1002, 33 C.C.P.A.Patents 791, 795. In re Langsner, 139 F.2d 512, 31 C.C.P.A. Patents 785, 789; In re Tucker et al., 54 F.2d 815, 19 C.C.P.A.Patents 810. The appellant cannot, by amendment after decision by the board, present to this court an issue which was never considered nor ruled upon by the board.

The claimed invention relates to a combined mining and loading machine used to cut coal, break it down, and load the loose coal into a vehicle for removal. We think the examiner sufficiently described the machine here involved as follows: (drawing references eliminated)

"The machine is mounted on a vehicle frame which carries the motor for supplying power to all the operating parts. Mounted on this frame is a discharge conveyer which receives the broken-down coal from the gathering end at the front of the machine. This gathering end includes a

pair of spaced cutter bars carrying cutter chains. These cutter bars are used to undercut the coal, gather the broken-down coal and deliver it to the discharge conveyer.

"Pivotally mounted on the frame is a vertically swingable boom which carries at its outer end a loop cutter and a pink hammer. Fluid jacks are used to adjust the boom.

"The loop cutter is mounted to swing in a vertical plane about the axis of the arms. A hydraulic motor operates thru worm gearing to swing the loop cutter about its axis. The cutter carries a chain which is driven by suitable gearing from the power plant on the frame of the machine. Hydraulic breakers are mounted on the loop cutter to break the core of coal formed by the loop cutters.

"The pick hammer is mounted on the head of the loop cutter by means of the parallel links. Fluid motor will swing the hammer about pivot pins and fluid motor will adjust the hammer relative to the arm."

Appellant states in his brief that Moon's machine was equipped with reciprocating hammers which by imparting vibrations to the face of the coal undercut by the kerf cutters shattered the coal and caused it to fall for subsequent conveyance rearward. The appellant concedes that he started with the Moon machine and substituted a loop cutter for Moon's vibratory hammers. He also provided a pick in combination with the loop cutter to release coal which had been loosened on all sides but one by the bottom kerf cutter. Appellant's additional structure comprises an adjustable boom which is mounted pivotally on a horizontal axis at the front end of the machine. The structure is provided at its forward end with a loop cutter. Attached to the head of the loop is a pick mechanism which is adjustable to pick or break loose that coal which has been severed from the seam on all sides but one by the action of the loop and ground cutters.

Counsel for appellant places great emphasis on the fact that appellant's loop cutter is arranged to swing upwardly about its horizontal axis. The combination of such an upwardly swinging loop cutter with a bottom combination kerf cutter and loading machine, he contends, constitutes appellant's improvement over the Moon machine.

The Morgan patent, 1,510,628, discloses a mining machine comprising a bottom kerf cutter and a loop cutter which are arranged so as to move downwardly toward the bottom cutter, and to cut an arcuate kerf. The combined action of the cutters results in the detachment of a block of coal which is removed by swinging the bottom cutter upward. Both the Morgan patent, 1,430,669, and the Muehlhauser patent, 1,510,490, show mining machines comprising loop cutters which are adapted to move upwardly in an arcuate path to detach a block of coal.

A mining machine comprising a combined bottom kerf cutting and loading device and a pair of picks mounted above this device for breaking loose the coal which then falls onto a loading device is shown by the Cartlidge patent, 2,329,875.

Appellant acknowledges that loop cutters, *per se*, are old as are combination loading machines involving bottom cutters, but he contends that the two have never been united in an arrangement equivalent to his. The appellant does not question the fact that each of the references discloses one or more of the elements of each claim here presented. As each combination of references cited by the examiner discloses substantially all the elements of each claim against which they are used as references, the issue presented here is whether the examiner properly rejected the claims by combining the references as he did. It seems clear that in appellant's machine all of the elements are old. Each operates in the old way. Beyond the separate and well known results produced by them severally, none of them contributes to the combined result any new feature; none of them adds anything more than its separate and independent effect; none of them gives any added efficiency to the others, or changes in any way the mode or result of its action.

■ ■ That such a result is not invention admits of little doubt. As said by the Supreme Court in Reckendorfer v. Faber, 92 U.S. 347, 357, 23 L.Ed. 719, "The combination, to be patentable, must produce a dif-

ferent force or effect, or result in the combined forces or processes, from that given by their separate parts. There must be a new result produced by their union: if not so, it is only an aggregation of separate elements."

The combination of old elements of the cited references as they appear in appellant's machine does not amount to invention but rather is a matter of mechanical judgment and the natural outgrowth of the development of mechanical skill as distinguished from invention. The board was correct in holding that the claims fail to specify any structural relationship between the elements which establish interdependency in operation. We also agree with the board that it is proper in a case of this type to combine individual features of several references in rejecting the claims.

A generic claim not having been allowed, claims 35, 36, and 37, being drawn to non-elected species, must stand rejected on that ground. In re Prutton, 173 F.2d 234, 36 C.C.P.A.Patents 944.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.