39 C.C.P.A. (Patents)

## Application of GAZDA.
## Patent Appeal No. 5868.

United States Court of Customs and Patent Appeals.

March 27, 1952.

E. B. Batchelder, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

Appellant appeals from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting, as unpatentable over the prior art, all of the claims 4 to 10, inclusive. The involved application is entitled "Projectiles of the Rocket Type," serial No. 584,522, filed March 24, 1945.

The board quoted claim 5 as illustrative of the subject matter. It is stated in the brief of the Solicitor that "Claim 4 would appear to be the broadest of the seven claims." Since we will discuss claims 4, 5, 8, and 9, we reproduce them as follows:

"4. A projectile of the rocket type comprising a head portion and a tail portion providing a head end and a tail end for said projectile, means for integrally associating said portions, said portions being provided with an essentially centrally disposed longitudinal bore extending therethrough from one end of the projectile to the other, the inlet opening of said bore at said head end being smaller than the outlet opening of said bore at said tail end, a propellant charge surrounding said bore and means in said bore for initiating and continuing the spinning of said projectile about its longitudinal axis as the projectile soars through the air.

"5. A projectile of the rocket type comprising a head portion and a tail portion providing a head end and a tail end for said projectile, means for integrally associating said portions, said portions being provided with an essentially centrally dis-

posed longitudinal bore extending therethrough from one end of the projectile to the other, the inlet opening of said bore at said head end being smaller than the outlet opening of said bore at said tail end, a propellant charge encircling said bore and means comprising a helical metallic strip fixed in said bore for spinning said projectile about its longitudinal axis as the projectile soars through the air.

"8. A projectile of the rocket type comprising a head portion and a tail portion providing a head end and a tail end for said projectile, means for integrally associating said portions, said portions being provided with an essentially centrally disposed longitudinal bore extending therethrough from one end of the projectile to the other, the inlet opening of said bore at said head end being smaller than the outlet opening of said bore at said tail end, a propellant charge encircling said bore means comprising a helical metallic strip fixed in said bore for spinning said projectile about its longitudinal axis as the projectile soars through the air, and a guiding tube fixed to and encompassing said tail end in spaced relation thereto, the inlet to said guiding tube being smaller than the outlet therefrom.

"9. A projectile of the rocket type comprising a head portion and a tail portion, means for integrating said portions, at least one of said portions being provided with a nozzle-like bore extending longitudinally therethrough, helical spinning means for said projectile disposed in said bore, said projectile being provided with at least one aligned supplemental nozzle extending longitudinally thereof."

It will be noted that claim 5 is somewhat narrower than claim 4 in that the helical strip through the open core of appellant's projectile is defined in structural terms.

Claim 6 adds to claim 5 the limitation that the helical strip extends throughout the length of the bore. Claim 7 provides that the strip extends only part way through the bore.

Claim 10 is about the same in substance as claim 5, differing in that in the latter the helical strip is specified to be metallic whereas in claim 10 it is non-metallic.

The references relied upon are: Kellogg 183,009 Oct. 10, 1876; Luciani (British) 989 of 1896; Naud (British) 130,403 Aug. 7, 1919; Wassermann (British) 166,258 July 11, 1921.

The rocket type projectile disclosed in the application is generally cylindrical in shape. It is made up of head and tail portions screwed together and is open from end to end. It comprises a hollow metallic head portion which is filled with an explosive charge. The tail is disclosed as possessing two concentric tubes which house the propellant charge. Within the through opening a helical strip is provided designed to cause rotation of the projectile in flight by reason of the air which meets the spiral strip as it passes through the tube. The tail portion is surrounded by a vaned circular guiding tube.

The Kellogg patent relates to "Improvement in Projectiles." It discloses a projectile through which extends a central bore in which there are a plurality of vanes. The bore is wider at the bottom than the top and so designed, it is said, to reduce the air drag and provide for rotation of the projectile about its axis.

The Luciani British patent relates to projectiles for small arms and cannon. It shows a projectile with a central bore therethrough in which there is placed a helically extending vane designed to cause rotary motion to the projectile as it passes through the air.

The Naud British reference relates to "Projectiles For Smooth Bore Guns." A projectile is disclosed which has stabilizing fins lying upon the axis of the projectile. At the rear end of the fins ring members are shown which are secured to the fins thereby providing a through air passage between the fins and the ring in order to give stability to the projectile while in flight.

The Wassermann British patent is concerned with "Improvements in or relating to Explosive Shells." A projectile is disclosed which carries an explosive charge, a central air passage, and a rocket or propelling charge. The latter charge is placed in the center air passage and the explosive charge in an annular chamber the outer

wall of which is the surface of the projectile. The nose of the projectile is provided with inclined ports or perforations designed to produce rotation of the projectile about its axis as it travels through the air. It is said that the through passage lessens the "drag" on the projectile during flight.

The British patent to Wassermann appears to be the principal reference relied on.

It may be noted that the projectile defined by the claims differs from that of the Wassermann reference mainly in the different arrangement of the parts of the respective devices. The board held that such rearrangement as was made by appellant does not constitute invention because no new or surprising result is to be found in the application or the brief of appellant. We think that reasoning of the board is proper.

Both the structures of the Kellogg and the Luciani references disclose a tubular air passage through the longitudinal center thereof. The projectile of the Kellogg patent is a helical metallic strip fixed in the air passage for spinning the projectile about its longitudinal axis during flight. It further discloses the inlet opening of the bore to be smaller at the head thereof than at the base. We conclude, in view of the disclosure of the bore of the Kellogg structure being smaller at the nose than at the tail thereof, and as broadly disclosed in the Wassermann patent, that there was no error in the board's ruling with respect to the rejection of claim 5. It will be noted that every structural feature in the claim is found in one or the other of the Wassermann or Kellogg references.

Simply because the features of the claimed projectile disclose a combination that is slightly different from those of the Kellogg and Wassermann patents, does not mean that that rearrangement involves the exercise of the inventive faculty. In re Carew, 179 F.2d 1014, 37 C.C.P.A., Patents, 863; In re Beltz, 181 F.2d 203, 37 C.C.P.A., Patents, 1004.

For the reason that claim 4 contains the same combination of elements as claim 5 and differs from that claim merely in the last-named means which is in functional terms, or terms of result instead of reciting structure including the helical metallic strip for performance of that function, that claim was properly rejected on the same art that is applicable to claim 5.

Claim 8 adds a guiding tube to the structure shown in claim 5. Such tube is shown to be old by the patent to Naud. It is our opinion that it would not involve invention to use the tube of the Naud reference by attaching it to a projectile of the rocket type.

Claim 9 also includes the tube that is shown in claim 8 and was properly rejected for the same reason given for the rejection of the former claim.

Claims 6, 7, and 10 do not materially differ from claims 4 and 5 and in our opinion are met by the patents upon which claims 4 and 5 were rejected. In re Carew, supra; In re Beltz, supra.

For the reasons hereinbefore set out the decision of the Board of Appeals is affirmed.

Affirmed.