## MILLNER v. Voss et al.

*(Circuit Court, W. D. Virginia. June, 1882.)*

PATENTS FOR INVENTIONS—COMBINATION—ANTICIPATION.

Letters patent No. 9,108, issued to Jackson C. Millner for a tobacco curer, consisting of a combination of two fire-places of different sizes on each side of a chimney, leading through suitable heaters, which traverse the building to a common flue, connecting with a central heater, which serves as a return flue, connected with the chimney, are void as being a mere combination of old parts, which have long been used in substantially the same manner.

In Equity. Suit by Jackson C. Millner against H. F. Voss & Co. for infringement of a patent. Bill dismissed.

*T. S. Flournoy* and *M. M. Tredway,* for plaintiff.

*R. W. Peatross,* for defendants.

BOND, J. This is a bill in equity, filed by the complainant, charging the defendants with an infringement of letters patent No. 9,108, granted him for improvement in tobacco-curing furnaces. The prayer of the bill is for an injunction and general relief. The defendants, by their answer, deny, among other things, the novelty and utility of the plaintiff's so-called invention, and also that they have infringed. The plaintiff, in the specification describing his invention, alleges that the object of it is to effect the more thorough and uniform curing of tobacco, and that the novelty of it consists in the construction and arrangement of its parts. The furnace described in the specifications consists of two fire-places of different sizes on each side of a chimney, out of each of which issues a flue, which traverses the floor of the house in which the tobacco is hung to be cured, and then enters a flue which runs at right angles to it, which flue is common to all the flues issuing from the furnaces. In the center of this common flue is another flue, which also traverses the floor of the curing house, reverses back to the chimney, serving to convey the smoke to the chimney, while it also serves as a heater. Each of these flues, with the exception of the common flue, has a damper or valve to regulate the heat, and on the flues from the furnaces are adjusted pans to hold water and furnish moisture during the process. The claim of the patent is, in a tobacco-curing apparatus, a gang of furnaces, each having heating surfaces, and all connecting with a common flue combined with a return flue, which also serves as a heater, and connects the common flue with an escape pipe or chimney, as herein specified. (1) The combination in a tobacco curer of two sets of furnaces of different capacities, leading through suitable heaters to a common flue, connecting with a central heater, which serves as a return flue, connected with a chimney located at the furnace end of the drier, as specified, and for the purposes set forth. (2) In a tobacco curer, the combination of the furnace, A, A, direct heaters, B, B, B, B, cross-flue, B, return heater, B, and chimney, C, located at the furnace end of the curer, are the valves or cut-offs, *a, a, a, a,* substantially as and for the purposes set forth.

Each of the parts of this combination is old. The patentee does not claim that he is the inventor of a flue or cut-off, nor chimney, and, if he did, the evidence sufficiently disproves the fact. His patent is for a combination of old devices, and there is nothing new in it but the combination, if that be new. The evidence shows that long before the date of complainant's patent tobacco growers had used in their drying houses flues for the curing of the tobacco by heat. These flues were connected with a furnace near each corner of the front of the tobacco house, united at the rear of the house in a common flue, and had a return flue to the chimney, placed between the furnaces at the center of that side of the tobacco house; and the patent of Green, offered in evidence, which is an English patent for drying peat, issued March 5, 1849, has two furnaces so situated, and the flues going from them to a common flue, and returning thence by a return flue to the chimney, placed on the same side of the house. But the specification of the complainant requires on each side of the chimney two furnaces or more, alike in all respects except in size, and this is claimed as part of his patent. But surely there can be no invention in this. Where one stove is found to be unequal to the heating of a room, to put another beside it, even though smaller, requires no invention; and if at the time of the issue of plaintiff's patent there was in use for curing tobacco, or anything else, single furnaces, with flues entering a common flue, with a return flue to the chimney, it is not a patentable combination to put two furnaces side by side, to accomplish the same purpose, even though one be smaller than the other.

The plaintiff's combination produces no new result. It works in no different manner. It is a mere colorable variation from the old method of building furnaces, required no exercise of the inventive faculty, and is not patentable.

The complainant has offered in evidence the large amount of sheet-iron piping sold by the defendants to be used in tobacco curers, to show the utility of this invention; but there is no evidence to show that this piping was used with this particular patented combination. Indeed, the evidence shows that the complainant does not use the combination of the large and small furnace on each side of the chimney in such furnaces as he erects, and in the argument at bar claims that a single furnace on each side of the chimney, with the common flue and return flue, is within the scope of his patent. This is not so, and, if it were true, in law his patent is void, having been anticipated by Green, as above stated, and by the old curers shown to be in use by tobacco planters long before his patent was issued. The injunction is refused, and the bill dismissed.