27 C.C.P.A.(Patents)

### In re HUYETT.

### Patent Appeal No. 4356.

Court of Customs and Patent Appeals.
June 24, 1940.

Rehearing Denied Sept. 30, 1940.

854

William F. Hall, of Washington, D. C. (Raymond Underwood, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting claims 26 and 27 of appellant's application for a patent on an abrading apparatus. Seventeen claims were allowed by the examiner.

The claims on appeal read as follows:

"26. In an abrading machine, a work support upon which articles of work may rest, a supporting structure mounted above said work support, an abrasive propelling wheel mounted on said structure and being operable to discharge a stream of abrasive downwardly in a plane disposed substantially normal to the axis of rotation of said wheel; and means for effecting relative movement in a substantially horizontal plane between said support and said supporting structure for causing said stream of abrasive to sweep over the entire upper surfaces of said work, said wheel being mounted on said structure with its axis inclined to a horizontal plane and also inclined with respect to the direction of relative movement between said support and said structure, whereby the discharge stream therefrom is so inclined as to abrade the sides as well as the upper surfaces of said work.

"27. The abrading apparatus defined in claim 26; together with a second abrasive propelling wheel mounted on said supporting structure and disposed with its axis inclined in a direction opposite to that of said first-named wheel, whereby the blast streams from said wheels are operable to abrade opposite sides of articles of work."

The references cited read as follows: Dake et al., 1,990,318, Feb. 5, 1935; Hoevel, 1,605,731, Nov. 2, 1926.

Appellant's application relates to a sandblasting machine in which metal to be worked upon is supported by and moved along rails. Mounted upon a carriage above the work are two abrasive throwing wheels and the carriage is reciprocated at right angles to the length of the rails. The axes of the throwing wheels are inclined to a horizontal plane in order that the material coming from the throwing wheels will abrade angularly disposed surfaces of the material worked upon.

The claims on appeal were rejected by the tribunals of the Patent Office in view of the prior art disclosed by the references.

The patent to Dake et al. is for an abrading machine and is specifically concerned with cleaning the scale from brake drums, although it is stated in the patent that the method and mechanism are available for cutting and removing scale from any form which the steel or iron may take, in which case a specifically different structure (not disclosed in the patent) may be required. In this patent the material worked upon is supported and carried around in a horizontal plane by rollers under two abrasive throwing wheels whose axes are angularly disposed so that the streams of abrasive will abrade both outer and inner surfaces of the drum. There is no relative movement between the throwing wheels and the workpiece as the device in the patent, as shown by the drawings, merely rotates circular articles about a fixed horizontal axis.

The Hoevel patent is for a sandblasting device comprising a disc-shaped support for circularly bringing articles to be cleaned into and out of the field of action of nozzles through which abrasive material is projected against such articles and also means located partly on said support and

partly on a stationary structure for moving the articles relatively to the said support while exposed to the action of the abrasive so that different portions of the articles will be exposed successively to the action of the abrasive.

The examiner stated that the streams of abrasive in the Dake et al. patent will abrade angularly disposed surfaces of the article to be worked on and held that no invention would be involved in disposing the axes of the abrasive throwing wheels of the patent at an angle to a horizontal plane in order to abrade angularly disposed surfaces since no new or unexpected result would flow from such change. After stating that the patent to Hoevel shows a horizontal work supporting table above which is reciprocated a plurality of sandblasting nozzles, the examiner held that there would be no invention in substituting the throwing wheels of Dake et al. for the nozzles of Hoevel or in disposing the wheels of Dake et al. at an angle to a horizontal plane.

Appellant requested reconsideration of the application and urged that subsequent to the rejection of the claims herein certain actions in an interference to which appellant was not a party and in a certain ex parte case appeared to be contrary to the rule applied in finally rejecting the claims herein although the same broad question was alleged to be involved. The request for reconsideration was denied.

The Board of Appeals in affirming the decision of the examiner quoted from the patent to Dake et al. as follows: "The abrasive shot is thrown outwardly and scatters and separates striking the outer surface of the drum or the outer steel part of the drum and also against the inner surface of the drum to cut and clean the scale from the cast iron within the same" (page 2, beginning in line 47).

The board then reasoned that a recitation in the involved claims disclosing angular positions of the throwing wheels different from that shown by Dake et al. did not warrant allowance of the claims because locating blast wheels so that the shot would be discharged on different angular surfaces seemed to be the thought of the patentees. The board stated that the claims were broadly drawn to the wheels being located with their axes inclined to a horizontal plane and held it to be obvious that they could be so inclined without performing the function noted. With reference to a contention of appellant that the involved claims are similar to one of the allowed claims, the board agreed this to be a fact but then went on to state that the allowed claim includes several limitations not found in the rejected claims.

Appellant filed with the board a request for reconsideration. The decision of the board upon the request reads as follows: "Appellant requests reconsideration of our decision of July 19, 1939. Appellant again urges that his construction differs from that of Dake and that has been conceded, but we do not agree such differences are patentable, and having that opinion, the decisions of this Board in other cases, involving other claims and probably other prior art, have no bearing.

"The petition is denied."

The only issue here is whether or not the involved claims were properly rejected in view of the prior art. While appellant in his brief states that there is a difference between claims 26 and 27, there is no argument to support the statement; neither is there any specific discussion of claim 27 in the decision of either the examiner or the board.

Seemingly, the tribunals below regarded claim 27 merely as a duplication of parts and therefore insufficient to lend patentability to that claim. It would not, in our opinion, involve invention to incorporate in the device of the application two throwing wheels instead of one. In re Abrahamsen, 53 F.2d 893, 19 C.C.P.A., Patents, 702; Millner v. Voss et al., C.C., 48 F. 832; In re Schmidt, 100 F.2d 673, 26 C.C.P.A., Patents, 773; In re Jones & Doyle, 109 F.2d 258, 27 C.C.P.A., Patents, ——. Therefore, it is unnecessary to discuss claim 27 separately.

One of the reasons for appeal herein relates to the board's alleged error in refusing to follow a precedent said to be a principle of law established by its allowance of certain claims in other applications by other parties. It was properly stated by the board that "the decisions of this Board in other cases, involving other claims and probably other prior art, have no bearing." This reason for appeal is without merit.

It is contended by appellant in his brief that the Patent Office in allowing claim 24 has recognized, in the application here, that it is a patentable feature to incline the blasting machine. We cannot

measure the patentability of rejected claims by allowed claims in order to determine the patentability of the former. In re Eitzen, 86 F.2d 759, 24 C.C.P.A.,Patents, 798. Moreover, if there be no distinction in fact between allowed and rejected claims the applicant for a patent has his rights protected by the allowed claims. In re McCabe, 74 F.2d 758, 22 C.C.P.A.,Patents, 877.

There can be no doubt that the device of the Dake et al. patent will abrade the sides of a circular object with solid ends. If, for instance, the brake drum instead of being in hollow circle form had the form of a solid disc, the sides as well as the circumferential surface would be abraded by the operation of the angularly disposed throwing wheels. Therefore, it would meet that limitation of the count as to abrasion of the sides as well as the surface of the workpiece directly opposed to the throwing wheels. Inclining the wheels of the Dake et al. patent at an angle to a horizontal plane could not accomplish any new or unexpected result. While it may be taken for granted that the device of this patent would not abrade the ends of the workpiece, it must be noted that the limitation is not directed to abrading of the ends but to the abrading of the sides thereof. That appellant is entitled to a patent for his device for abrading the upper surface and the ends of the workpiece is shown by some of the allowed claims.

While it is true that the work holder of the Hoevel patent is circular in form and moves in a circular direction, there is no limitation in the rejected claims as to the shape or movement of the work support.

Since the horizontal work holder of the Hoevel patent is reciprocated with sandblasting nozzles, and since the throwing wheels of the Dake et al. patent can abrade the sides as well as the upper surface of a workpiece, we are of opinion that it does not involve invention to substitute the abrasive throwing wheels of the Dake et al. patent for the nozzles of the Hoevel patent.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.