**Application of WILLIAMS.**

**Patent Appeal No. 5513.**

United States Court of Customs and Patent Appeals.

Dec. 7, 1948.

Stowell & Evans, of Washington, D. C. (Harold T. Stowell and John O. Evans, Jr., both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D.C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 2 in appellant's application for a patent on a lactone. The method claims by which the lactone, called for in appealed claim 2, may be produced, were allowed by the examiner.

The appealed claim reads as follows: "2. The laevo rotary form of $a$-hydroxy-$B$, $B$-dimethyl-$\gamma$-butyro lactone substantially free from the dextro rotary form."

The following references were relied on by the Patent Office tribunals:

Monatschefte fur Chemie, Vol. 25, pp. 46–54, (1899) (Glaser); Monatschefte fur Chemie, Vol. 39, pp. 295–296; Levene [sic] and Haller, J. Biological Chemistry, Vol. 69, p. 165 (1926); Gilman, Organic Chemistry, Vol. 1, pp. 155, 159, 176, and 187–196, (1938); Journal American Chemical Society, Vol. 62, pp. 1779–1784, (July 1940).

Appellant's application here involved was filed February 19, 1942, and is a division of an application filed April 3, 1939. Both applications disclose the claimed compound and a method of producing it. The appealed claim calls for the laevo rotary form of the compound "substantially free from the dextro rotary form." The laveo rotary form of a compound has the property of deflecting polarized light to the left, while the dextro rotary form deflects it to the right. A mixture of these two forms, which produces no deflection of polarized light, is called a racemic mixture.

The Monatschefte publications disclose, according to the board, the production of a compound having a formula identical with that of the compound recited in the appealed claim, but there is nothing in those publications to indicate that the product is racemic, dextro rotary or laevo rotary.

The Levene and Haller publication shows the resolution of a racemic lactone mixture, not the one here involved, into its laevo and dextro rotary components.

The Gilman publication was cited to show that a racemic mixture, not the one here involved, contains both the laevo rotary and dextro rotary forms.

The Journal American Chemical Society was cited by the examiner as showing that the compound disclosed in the Monatschefte publications is a racemic mixture.

It is stated in the decision of the Board of Appeals that "There appears to be no question as to the utility of the particular form of the compound herein disclosed and claimed * * *." The rejection is based on lack of novelty and on lack of invention.

In support of the rejection on the ground of lack of novelty, the examiner and the board point out that the compound of the Monatschefte publications is a racemic mixture and, therefore, necessarily contains both dextro rotary and laevo rotary components. It is the position of the Patent Office tribunals that, in view of that fact, the laevo rotary compound, having existed as part of the racemic mixture, cannot be novel. The appealed claim, however, calls for the laevo rotary form "substantially free from the dextro rotary form" and it is evident that the laevo rotary form did not exist in this condition in the mixture of the Monatschefte publications. The existence of a compound as an ingredient of another substance does not negative novelty in a claim to the pure compound, although it may, of course, render the claim unpatentable for lack of invention. Thus, in the so-called aspirin case—Farbenfabriken of Elberfeld Co. v. Kuehmsted, C.C., 171 F. 887—it was held that a pure compound may, under certain conditions, be patentable over the same compound in an impure form, and this principle was approved by this court in the case of In re Merz, 97 F.2d 599, 25 C.C.P.A., Patents, 1314. In the aspirin case, supra, the claimed compound had previously existed as an ingredient of the impure product but that fact was not considered as rendering a claim to the pure compound void for lack of novelty. Accordingly, the holding by the tribunals of the Patent Office that the appealed claim, drawn to a laevo rotary compound substantially free from the dextro rotary form

of the compound is fully anticipated by a mixture of the laevo and dextro rotary forms of the compound, must be reversed.

The rejection of the appealed claim on the ground of lack of invention was based on the theory that the Monatschefte publications disclose a racemic mixture which includes the laevo rotary form claimed by appellant, and that the procedure by which such a racemic mixture may be broken down into its dextro and laevo rotary components, was known to those skilled in the art. That rejection presupposes that the Monatschefte compound was known to be racemic since, if this were not the case, the idea of resolving it into components, to produce a laevo rotary compound, would not occur to one skilled in the art. Accordingly, unless it can be shown that the Monatschefte product was actually known to be racemic, prior to appellant's original filing date, or unless it would have been obvious to one skilled in the art that the product was, in fact, racemic, the rejection on the ground of lack of invention cannot be sustained.

There is no evidence of record to show actual knowledge of the racemic nature of the Monatschefte product prior to April 3, 1939, when appellant's original application was filed. The evidence relied on by the examiner and the board as showing that compound to be racemic is the Journal American Chemical Society, July 1940. That publication is competent as showing that the product was actually racemic, but it does not establish knowledge of that fact prior to appellant's original filing date.

The record contains nothing to support a holding that those skilled in the art should have known that the Monatschefte product was racemic, particularly in view of the fact that that product had been in existence for approximately forty years prior to the disclosure in a publication of the fact that it was a racemic mixture, and it would not be proper to presume such knowledge. Accordingly, we are of opinion that the appealed claim involves patentable subject matter over the art of record.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.