38 C.C.P.A.(Patents)

**Application of CRAIGE.**

**Patent Appeals No. 5790.**

United States Court of Customs and Patent Appeals.

April 10, 1951.

John W. Lee, Jacksonville, Fla., for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

JACKSON, Judge.

We are here called upon to review a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting claims 6 to 10, inclusive, and 12 to 14, inclusive, of an application for new and useful improvements in "Anthelmintic Compositions," serial No. 592,920, filed May 9, 1945.

 Claims 7, 9, 10, 12, and 13 were rejected as not being of the elected species. Claims 6, 8, and 14 were rejected as unpatentable over the prior art. One claim was allowed. The former group may not be considered here upon the merits. In re Hock, 168 F.2d 540, 35 C.C.P.A., Patents, 1235.

The references relied upon by the examiner and the Board of Appeals are: Gump No. 2,250,480 July 29, 1941; Gump No. 2,334,408 Nov. 16, 1943.

Claims 6, 8, and 14 read as follows:

"6. A veterinary anthelmintic composition containing as one of the essential active ingredients a substance represented by the following formula:

$$(Cl)n' \quad\quad\quad H \quad\quad\quad (Cl)n'$$

In which n' is a small whole number from the group consisting of 1, 2, 3, and 4 wherein one of the chlorine substituents on each of the benzene rings is in the 5 position; wherein any additional chlorine substituents are arranged symmetrically and as another essential active ingredient one other substance having an anthelmintic action.

"8. A veterinary anthelmintic composition containing as one of the essential active ingredients 2,2' dihydroxy, 5,5', dichlorodiphenylmethane, and as another essential active ingredient one other substance having an anthelmintic action.

"14. A veterinary anthelmintic composition containing as one of the essential active ingredients a substance represented by the following formula:

in which X represents a halogen selected from the group consisting of chlorine and bromine and n' is a small whole number

from the group consisting of 1, 2, 3, and 4, and wherein one of the halogens on each of the rings is in the 5 position and wherein any additional halogen substituents are arranged symmetrically; and as another essential active ingredient one other substance having an anthelmintic action."

The invention relates to anthelmintic compositions used in the elimination of worms from the alimentary tract of higher animals. It contains a combination of two essential active anthelmintic substances. One of those substances is diphenylmethane in which each of the phenyl groups contains at least one halogen substituent and at least one hydroxy substituent. Those substituents are in corresponding symmetrical position on the ring structure. The graphic or structural formula may be observed in claim 14.

It does not appear that there is any patentable difference between the claims. Therefore, they stand or fall together.

The Gump patent, No. 2,250,480, is entitled "Dihydroxy Hexachloro Diphenyl Methane and Method of Producing the Same." It relates to a new phenol. The Gump reference, No. 2,334,408, relates to a process for making chlorinated 2,2'-dihydroxy diphenyl methanes by reacting a phenol selected from the group of para-chloro phenol and 2,4-dichloro phenol with formaldehyde in the presence of sulphuric acid.

Each of the patents discloses the solubility of diphenylmethane compounds in toluene. It is stated in the earlier Gump patent that the compounds there disclosed possess antiseptic, bactericidal, fungicidal, and preserving properties.

Prior to the date of the examiner's statement an affidavit by a qualified doctor of veterinary medicine was filed on behalf of appellant. In the affidavit it appears that the affiant had treated a number of dogs infected with tapeworms with Teniathane Tablets, using the recommended dose. The name of the substance indicates that it is a tapeworm vermifuge. Following such treatment only one out of 12 dogs passed a mass of tapeworm segments and, therefore, it was necessary to make fecal examina-tions over a period of days to determine whether the tapeworms had been eliminated. Such examinations disclosed that a high percentage of the dogs were free of tapeworms for the reason, apparently, that the worms had been disintegrated in the intestines. Affiant then treated a number of dogs which were infested with hookworms, whipworms and/or tapeworms with toluene in doses of 0.1 cc. per pound of body weight. The dogs which had tapeworm infestations did not pass masses of these worms in their feces. He then treated 16 tapeworm infested dogs with a mixture of Teniathane and toluene and within 4 to 6 hours 11 passed large masses of tapeworms. It is stated in the affidavit that such passage was an unexpected and desirable action which neither the Teniathane or toluene possessed and that there was no toxic reaction following the use of the mixture which indicated safety as well as effectiveness.

In his rejection of claims 6, 8, and 14 the Primary Examiner pointed out that toluene is an anthelmintic substance as shown in the affidavit and, because of that disclosure together with the fact that the references disclosed the compounds of appellant in a toluene solution, the claims are for an old composition regardless of "new and unobvious use" and therefore unpatentable, citing the case of In re Thuau, 135 F.2d 344, 30 C.C.P.A., Patents, 979.

In the examiner's reply to the brief of appellant in which it was stated that the anthelmintic action of toluene was first described in a publication by Enzie in 1947, it was held that the compound of appellant with toluene is old, as disclosed in the Gump patents, and the rejection of the involved claims on the authority of the Thuau case, supra, was reaffirmed.

Counsel for appellant filed a supplemental brief directed to the examiner's reply in which it is stated that the claims are directed to veterinary anthelmintic compositions containing a particular class of dihydroxy halogen substituted diphenylmethanes as one of the essential active ingredients and as another essential active ingredient a substance having anthelmintic action. It was pointed out there by counsel for appellant that in the cited prior art it is merely shown

that 5.6 gm. of 2,2'–dihydroxy–5,5'–dichlorodiphenylmethane is soluble in 100 cc. of toluene. Counsel for appellant further stated that it was impossible to use the solution shown in the prior art as an effective veterinary anthelmintic dose. Therefore he contended that the composition defined in the involved claims is not old.

The Board of Appeals in its decision pointed out that according to the affidavit toluene is an anthelmintic and further that the patent references disclose the new phenol dissolved in toluene. The board noted that it was the contention of appellant that when the involved application was filed toluene was not known as an anthelmintic. Then the board stated that under the doctrine of the Thuau case, supra, it was immaterial as to what utility might be possessed by the composition disclosed in the prior art, and, accordingly, the rejection by the examiner was warranted.

Counsel for appellant, before the board, cited the case of In re Williams, 171 F.2d 319, 36 C.C.P.A., Patents, 756, in support of his contention that because toluene was not known as an anthelmintic at the time the involved application was filed that after acquired knowledge of that property may not be applied in the present rejection. The board stated that in that case the claims had not been rejected under the doctrine of the Thuau case, supra, and further pointed out that therapeutic dosage of the respective ingredients including toluene was shown in the affidavit but not disclosed in the present specification. The board further held, contrary to the contention of counsel for appellant, that the preamble of the rejected claims "a veterinary anthelmintic composition" does not limit the compositions to those in which the active agent is contained in proper dosage, form, and quantity and therefore did not agree with the contention that the claims are so limited. The board properly observed, and it is not disputed, that dosage, form, and quantity varies in different cases.

In response to a petition by appellant's counsel for reconsideration in which a proposal was made to amend several claims by specifically setting out the essential ingredients in definite proportions and quantity,

the board stated that it had made no suggestion that such amendments should be made nor did it intend to make such suggestion as was argued by counsel for appellant. In its response it was set out that the board had no inclination to direct the examiner to allow the claims as amended, nor was it its practice to consider amended claims except in some situations where the suggestions for such amendment come from the examiner. The petition was denied.

The issue before us is whether the composition defined by the involved claims reads upon the toluene solution of the diphenylmethane compound disclosed in the cited prior art regardless of whether or not the use of such compound or of toluene as an anthelmintic was known or unknown when the involved application was filed.

It seems to us that the control of internal parasites present in the organs of domestic animals is of importance in animal husbandry. No doubt many domestic animals by reason of parasitic infections die, and such animals may be infected at the same time with more than one type of parasite. It may well be that appellant is the first to have discovered and used a combination of anthelmintics whereby a single dose would take the place of the several different doses of different anthelmintic drugs which had been formerly used to control each of the several parasitic infections.

We think it a matter of common knowledge that most known anthelmintic drugs are poisonous and, therefore, that toxic hazard may be increased by reason of unskilled combined use. We have no doubt that appellant has usefully advanced the science of veterinary medicine with respect to the elimination of parasites in the higher animal. However, it does not necessarily follow from the facts and circumstances present that appellant is entitled to a patent on the involved claims.

It is not disputed that each of the reference patents discloses that diphenylmethane compounds are soluble in toluene. It is also clear that the affidavit unquestionably shows that toluene is an anthelmintic substance. Therefore, it seems to us, as it did to the board, that the designation of ap-

pellant's composition as "a veterinary anthelmintic composition" does nothing more than apply a new use for an old substance and, therefore, such compositions as are defined in the involved claims are not patentable under the doctrine of In re Thuau, supra.

We cannot agree with the contention of counsel for appellant that the introductory clause of the claims is a limitation. The composition is set out subsequent to the preamble or introductory clause and distinctly points out what the composition is. That composition, as defined by the claims, is to be used as a veterinary anthelmintic composition, but such use neither adds nor detracts from what the composition actually is.

It is true that in the case of In re Hall, 35 C.C.P.A., Patents, 1178, 168 F.2d 92, and in the Williams case, supra, it has been held by us that matters known only subsequent to the filing date of an application are not available as references against such application, but it is equally well settled that claims in a patent application cannot be held to involve invention if the composition defined in such claims is not novel, and, of course, patents for old compositions of matter based on new use of such compositions, without change therein, may not lend patentability to claims. In re Thuau, supra.

There can be no doubt that a patentee and, subsequent to the expiration of the patent, the public, is entitled to every use of which an invention is susceptible whether such use be known or unknown to the patentee. Therefore, it is clear that if the composition defined in the involved claims reads on the toluene solution of diphenylmethane compound shown in the prior art, it makes no difference whether or not the use of that compound or of toluene as an anthelmintic was known or unknown when appellant filed his application.

We cannot see from the structure of the involved claims that the composition defined therein differs from the composition of the prior art for the reason that no quantities or proportions have been stated. We cannot agree with the contention of counsel for

appellant that the compositions defined in the involved claims differ from the composition of the prior art because the ingredients must be present in such proportions that each will assert an anthelmintic effect. Furthermore, it would seem to us that the proposed amendment heretofore referred to does not agree with the present contention that the involved claims as written are restricted to proportions of the ingredients.

We are of opinion that the prior art composition is included within the scope of the rejected claims and, therefore, the compositions defined therein are unpatentable.

For the reasons set forth herein the decision of the Board of Appeals is affirmed.

Affirmed.