56 CCPA
**Application of Charles L. CORMANY, William R. Dial and Blaine O. Pray.**

**Patent Appeal No. 8106.**

United States Court of Customs and Patent Appeals.

March 6, 1969.

Mark Levin, Pittsburgh, Pa. (Oscar L. Spencer, Raymond S. Chisholm, Pittsburgh, Pa., George R. Jones, Washington, D. C., of counsel), Chisholm & Spencer, Pittsburgh, Pa., Beale & Jones, Washington, D. C., for appellants.

Joseph Schimmel, Washington, D. C., (Leroy B. Randall, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the final rejection of claim 28 of appellants' application entitled "Stabilized Compositions."[1] No claim has been allowed.

The invention relates to the stabilization, against decomposition, of methylchloroform (1,1,1-trichloroethane), an industrial solvent useful for liquid and vapor phase degreasing. In such usage, methylchloroform evidences a strong tendency to decompose, particularly when in contact with light metals such as aluminum, thus destroying its practical value as a solvent. Appellants discovered that this serious detriment to the use of methylchloroform is overcome by formulating the methylchloroform with minor amounts of acrylonitrile.

Claim 28 reads:

28. Methylchloroform containing from 0.05 to 5 per cent acrylonitrile by weight.

1. Serial No. 712,693 filed February 3, 1958.

The claim was rejected by the examiner under 35 USC § 103. The references are:

| | | |
|---|---|---|
| Missbach | 2,043,260 | June 9, 1936 |
| Petering et al. (Petering) | 2,371,644 | March 20, 1945 |
| Klabunde | 2,422,556 | June 17, 1947 |
| Cole | 2,802,886 | August 13, 1957 |
| Bachtel | 2,811,252 | October 29, 1957 |
| Monroe et al. (Monroe) | 2,906,783 | September 29, 1959 |
| Burch et al. (Burch) | 2,945,895 | July 19, 1960 |
| Nex et al. (Nex) | 2,959,556 | November 8, 1960 |
| Skeeters (Great Britain) | 765,522 | January 9, 1957 |

Missbach discloses stabilization of various chlorinated aliphatic hydrocarbons by incorporation of organic nitrile stabilizers such as methyl, ethyl and n-butyl cyanides.

Petering discloses the use of organic oxides, oximes, ethers and alcohols as stabilizers for chlorinated solvents such as trichloroethylene which are said to be subject to decomposition when in contact with aluminum.

Klabunde shows the use of vinyl-cyanide (acrylonitrile) to prevent aluminum catalyzed decomposition of trichlorethylene.

Cole discloses that chlorinated hydrocarbon solvents, preferably trichloroethylene and perchloroethylene, may be stabilized by the use of 3-amino-2-methylbutan-2-ol. Methylchloroform is mentioned as a chlorohydrocarbon that may be stabilized in the same manner. Other stabilizers such as pyridine may be used with the primary stabilizer.

Bachtel discloses methylchloroform stabilized with dioxane and states that methylchloroform is more reactive with metals than other chlorohydrocarbons and in general the inhibitors effective with other chlorohydrocarbons are only moderately helpful with methylchloroform.

Monroe shows the stabilization of chlorinated aliphatic hydrocarbon solvents by the use of an azine, and specifically notes methylchloroform as one of the group of chlorinated hydrocarbon solvents.

Burch discloses the use of tertiary acetylenic monohydric alcohols such as 3-methyl-1-pentyn-3-ol for chlorinated hydrocarbons including methylchloroform. An additional stabilizer such as diisobutylene may be used.

Nex shows the use of an organic peroxide to stabilize a halogenated hydrocarbon having not more than eight carbon atoms.

Skeeters relates to the stabilization of chlorohydrocarbons such as trichloroethylene and trichloroethane, commonly associated with commercial tetrachloroethylene (perchloroethylene), as well as stabilizing tetrachloroethylene itself. The patent states that it is known that tetrachloroethylene may be stabilized by the addition of one or more of a wide variety of organic compounds referred to as general-purpose stabilizers and sets forth as examples of such general-purpose stabilizers a list of a hundred-odd suitable materials including vinylcyanide (acrylonitrile). The selection from this list is said to be based upon satisfactory performance at least cost.

The examiner rejected claim 28, along with other claims withdrawn at the oral hearing before the board, as unpatentable over Missbach or Klabunde. In his Answer, the examiner adhered to the rejection on Missbach while stating as a new ground of rejection that the claim was unpatentable over the newly cited British patent to Skeeters. The remaining references, discussed above, were cited as "State of the art references and references cited in the [appellants'] brief."

The board felt that, in view of the withdrawal of some of the claims rejected on Missbach, it could not sustain the rejection of claim 28 on Missbach. However, it affirmed the rejection on Skeeters under 35 U.S.C. § 103, stating:

This patent discloses a considerable number of stabilizers for chlorinated hydrocarbon solvents such as trichloroethylene and tetrachloroethylene. These commerical solvents are shown to contain small amounts of other chlorination products, including trichloroethane, which are said to be more unstable and serve to catalyze decomposition of the commercial tetrachloroethylene. Cyanides, and specifically vinylcyanide, are disclosed as stabilizers. The Examiner considered this disclosure to render obvious the use of vinylcyanide to stabilize methylchloroform, which is one of the two trichloroethane isomers. Supporting the rejection are a series of references showing the state of the art. These are said to demonstrate that the techniques of stabilizing perchloroethylene, trichloroethylene and other chlorinated derivatives of ethane are also available to stabilize methylchloroform. Cole, Monroe et al., and Burch et al. do in fact state that these various chlorinated hydrocarbons, including methylchloroform, may be stabilized with the same individual agents.

In response to appellants' argument that the Patent Office had recognized that methylchloroform stabilization involves unique considerations, the board answered:

Appellants urge that the Patent Office has recognized the different status of methylchloroform by issuance of Bachtel, 2,811,252 in face of the above mentioned Petering et al. patent. This is not controlling for this case. Fessenden v. Coe, 1938 CD 62; 495 OG 707; 99 F.2d 426 [69 App.D.C. 193]; In re Atwood, 46 CCPA 901; 1959 CD 321; 747 OG 4; 267 F.2d 954; 122 USPQ 378. The record here is different and for that reason we also do not find our decision and holding with respect to Skeeters et al. (Br.) in Ex parte Sims, Appeal No. 69–16, made of record by appellants in Paper No. 44, to be controlling. In re Huyett, 27 CCPA 1341; 1940 CD 679; 521 OG 537; 112 F.2d 853. The significant differences in the record before us lie in the disclosure herein and the development of the state of the art. On this point compare In re Adamson et al., 47 CCPA 839; 1960 CD 177; 755 OG 5; 275 F.2d 952; 125 USPQ 233 in which upon the same issue but upon a different record a conclusion was reached contrary to that in the prior decision of In re Williams, 36 CCPA 756; 1949 CD 42; 619 OG 614; 171 F.2d 319; 80 USPQ 150.

Appellants advance several arguments in support of their contention that the board erred. First they argue that Skeeters fails as a teaching reference which renders the claimed subject matter obvious since it constitutes nothing more than a listing of potential additives whose value for stabilizing methylchloroform cannot be ascertained from within the four corners of the reference. In support of this position, the appellants refer to the uncontested Dial affidavit of record which establishes that nineteen additives specifically mentioned by Skeeters do not protect methylchloroform. Thus, they contend, Skeeters is at best a starting point for further experimentation and even routine experimentation does not negate patentability under 35 U.S.C. § 103, citing In re

Fay and Fox, 347 F.2d 597, 52 CCPA 1483.

Appellants further argue that methylchloroform stabilization involves considerations differing from other chlorinated hydrocarbon solvents. The Dial affidavit is again relied upon to demonstrate that specific additives represented in the art of record as being useful with chlorinated hydrocarbons include some which are not effective with methylchloroform.

Appellants then contend that the grant to Bachtel of composition claims to methylchloroform containing dioxane despite the citation of Petering showing that dioxane stabilizes chlorinated hydrocarbons such as trichloroethylene shows Patent Office acceptance of methylchloroform's uniqueness as grounds for patentability.

Appellants further contend that the "trichloroethane" mentioned by Skeeters is not methylchloroform and cite in support of this position a prior board decision, Ex parte Leslie L. Sims, application serial No. 769,546, filed October 6, 1958, U.S. Patent Office Board of Appeals, Appeal No. 69–16, in which was stated with respect to Skeeters (referred to as D.A.C. (Br.)):

> The Examiner also rejected the claims as unpatentable over Skeeters et al. or D.A.C. (Br.) on the ground that the tetrachloroethylene (or trichloroethylene) there stabilized with agents, including nitromethane, necessarily carried small amounts of trichloroethane as an impurity. Appellant has pointed out that this trichloroethane is most likely the 1,1,2–trichloroethane rather than the 1,1,–1–isomer (methylchloroform) and that of the numerous stabilizing agents mentioned by these references only a very few are satisfactory for stabilizing methylchloroform. The latter is pointed out to be much more active than the other common chlorinated hydrocarbons in attacking metals. Since our views on this rejection nearly coincide with those expressed by

appellant in his brief, we will not sustain the same. Accordingly the rejection of the claims on Skeeters et al. or D.A.C. (Br.) is reversed.

As will be demonstrated, it will be unnecessary for us to consider the merit of the latter two contentions. The solicitor's position with respect to the arguments is set forth in his brief:

> Skeeters, while mentioning the stabilization of tetrachloroethylene, specifically states that he desires to stabilize other chlorohydrocarbons as well and he specifically identifies trichloroethane as one of the chlorohydrocarbons associated with the tetrachloroethylene which is stabilized by the use of various additives, including vinylcyanide. The patents to Cole, Monroe et al. and Burch et al. show that the art recognized the need to stabilize methylchloroform and that that result is obtained by utilizing the same techniques found effective with other chlorohydrocarbons. Since it is the totality of the prior art teachings which must be considered in evaluating appellants' contribution, the mere fact that the Dial affidavit presents data showing that various stabilizers suggested by the prior art do not protect methylchloroform against decomposition which occurs when boiling methylchloroform contacts aluminum, does not weaken the force and affect [sic] the prior disclosures. * * * A showing that stabilizers which were effective for other chlorinated hydrocarbons either do not stabilize, or stabilize in lesser degree, when used with methylchloroform, has little or no evidentiary value as proof that one "having ordinary skill in the art" would not consider it obvious to use the acrylonitrile disclosed in Skeeter with methylchloroform.

We cannot accept this position. In examining the evidence considered by the board, we note first, as did the examiner in his Answer, that Skeeters discloses only trichloroethane, a generic term embracing two isomers, one of which is methylchloroform. Turning to the Cole,

Monroe and Burch patents, we find it significant that Cole and Burch state that their stabilizers are especially effective for trichloroethylene and perchloroethylene while adding, almost incidentally it would seem, that they "may also be used to stabilize other chlorohydrocarbons such as * * * methylchloroform" and that Monroe presents examples directed only to stabilization of trichloroethylene. Bachtel states that "in general the inhibitors effective with other chlorohydrocarbons are only moderately helpful with methylchloroform." Of the other references cited by the board, Missbach was dismissed by it and Petering and Klabunde tend only to show that reactivity with aluminum is generally characteristic of chlorinated hydrocarbon solvents, not methylchloroform alone. Thus, no reference can be said to unequivocally teach that methylchloroform may be stabilized with the same agents used for other chlorohydrocarbons.

Against this background developed by the prior art we shall assume that a reasonable argument can be made in support of the view that it would be obvious for one skilled in the art to use for the specific chlorohydrocarbon, methylchloroform, those stabilizers taught to be effective for chlorohydrocarbons generally, such as those found in the extensive listing presented by Skeeters. We interpret the position of the board and solicitor to be essentially just that. However, the record contains more than this prior art background. It contains an uncontested showing, by way of the affidavit of one skilled in the art, that numerous additives, including nineteen specifically enumerated by Skeeters, reputed to be effective for other chlorinated hydrocarbon solvents fail to stabilize methylchloroform.

Thus, we are presented with a situation not unlike that in In re Tomlinson, 363 F.2d 928, 53 CCPA 1421, where this court stated:

As we see it, appellant's invention is the *discovery* of *what* stabilizers for other materials, known in the art, *will,* and which *will not,* stabilize *polypropylene* against degradation by *light.* The solicitor asserts that one skilled in the art "would expect an[y] ultraviolet light stabilizer for polyethylene to be effective as an ultraviolet stabilizer in polypropylene." If this be true, then appellants have clearly discovered, uncovered, or invented the unobvious for the *record* shows that *many* which they tested were found *not* to be effective.

At oral argument appellants' attorney directed our attention to In re Crabb, 405 F.2d 572, 56 CCPA ——, decided January 9, 1969, a case involving the stabilization of methylchloroform where we failed to find that the prior art there involved taught away from looking to the art of stabilization of other chlorohydrocarbons to inhibit methylchloroform. We agree with appellants that In re Crabb, aside from being distinguishable on other grounds, is not controlling here because of appellants' prima facie showing, uncontested by the examiner or the board, that several stabilizers known to be effective for other chlorohydrocarbons are often ineffective for methylchloroform.

Considering the evidence as a whole, we are persuaded that Skeeters does not render obvious the composition of the appealed claim. The decision of the board is, therefore, reversed.

Reversed.